No. 80-449
& 80-450

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

STATE OF MONTANA,

Plaintiff and Appellant,

-vs-

ROBERT RENZ,

Defendant and Respondent.

---

Appeals from:  District Court of the Fifth Judicial District,
In and for the County of Jefferson,
The Honorable Frank Blair, Judge presiding.

Counsel of Record:

For Appellant:

Hon. Mike Greely, Attorney General, Helena, Montana
Patrick Flaherty, County Attorney, Boulder, Montana

For Respondent:

Henningsen, Purcell & Genzberger, Butte, Montana

---

Submitted on Briefs:  April 2, 1981

Decided:  MAY 11 1981

Filed:  MAY 11 1981

*Thomas J. Kearney*

Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

The State of Montana appeals from two orders of the Fifth Judicial District Court, Jefferson County. In both orders, the District Court set aside previous orders granting leave to file an information against defendant. The court set aside its first order and dismissed the information without prejudice, after defense counsel moved to strike the information. Defense counsel asserted that the information's accompanying affidavit alleged insufficient facts to support the information's common scheme forgery charge. Following the entry of this order, leave of court was requested by the State again to file a common scheme forgery information against defendant. In support of this request, the State filed an affidavit identical to the one used to support the previous information. Leave to file this second information was granted by order of the District Court, but was later set aside on defense counsel's motion that the information's accompanying affidavit again insufficiently supported the information's charge. After the second order was set aside and dismissed without prejudice, the State appealed for this Court's review.

The issue raised is whether the District Court erred by holding that the affidavits were insufficient to support an application to file a common scheme forgery information. We hold the court committed no error. We affirm the orders of the District Court.

The defendant, Robert Renz, a Butte home builder, was accused of committing common scheme forgery. The informations, filed with the District Court, alleged defendant violated the forgery statute, section 45-6-325(1), MCA, in that:

-2-

". . . on or about: the 28th day of May, 1980,
the Defendant as part of a common scheme and
with the purpose to defraud knowingly and
without authority made or altered 2 money
orders and an application for a permit to do
plumbing and/or electrical work by signing
the name of Larry Watts to said documents
(who was unaware his name was being used) and/or
delivered said documents to the State Plumbing
Board knowing it [sic] to have been thus made or
altered." (Emphasis added.)

The identical affidavits filed in support of these informations contain the following facts and allegations to support the forgery accusations.

1. The state electrical inspector and state plumbing inspector gave the county attorney documents relating to an application for state permits to do the plumbing and electrical wiring for a residential home under construction by defendant for Larry Watts in Boulder. The documents included two permit application forms and two signed money orders.

2. These documents bear Watts' signature, although Watts claims never to have signed the documents.

3. Defendant is not a licensed electrician or plumber. He would save considerable construction costs by having a homeowner apply for the wiring and plumbing permits and by completing the work himself, rather than hiring licensed plumbers and electricians to do the work.

4. The money orders sent with the permit applications were obtained by defendant from the First Boulder Valley Bank.

5. The facts which indicate that this activity is part of a common scheme can be seen by case histories of defendant's home construction activity in the Boulder area:

a. Defendant builds homes in the Boulder area. Defendant could save money by having a homeowner purchase the required electrical and plumbing permits.

b. Defendant asked the local plumber if he would allow plumbing permits to be taken in defendant's name, to which the plumber allegedly responded, "I wouldn't touch it with a 10 foot pole."

c. The records of the State Plumbing Bureau indicate that Alan Jones applied for a permit to do the plumbing work on his home, constructed by defendant, and that the application was not signed by Jones.

d. Homes have been built with construction defects by defendant in the Boulder area.

We agree with the District Court that these facts and allegations do not support leave for filing this charge against defendant. The code of criminal procedure requires that an affidavit be filed for application for leave to file an information. The affidavit must include sufficient facts to convince a judge that there is probable cause to believe the named defendant may have committed the crime described in the information. Section 46-11-201, MCA. This Court has held that a showing of a mere probability that defendant committed the crime charged is sufficient for establishing probable cause to file a criminal charge. Judges, when reviewing probable cause affidavits, should use their common sense in determining whether probable cause exists. State v. Hamilton (1980), ___ Mont. ___, 605 P.2d 1121, 37 St.Rep. 70; State v. Miner (1976), 169 Mont. 260, 546 P.2d 252.

The allegations proffered in these affidavits, however, do not indicate a probability that defendant committed the crime of common scheme forgery.

In State v. Adams (1980), ___ Mont. ___, 620 P.2d 856, 37 St.Rep. 2053, we recently described "common scheme" criminal activity as follows:

-4-

"The concept of 'common scheme' appears in several sections of Montana's Criminal Code. Section 45-2-101(7), MCA, defines the term as a series of acts or omissions 'motivated by a purpose to accomplish a single criminal objective or by a common purpose or plan which results in the repeated commission of the same offense or affects the same person or same persons or the property thereof.' This definition, as applied in the bad check, deceptive practices, and forgery statutes, imposes a higher penalty for offenses committed pursuant to an elaborate plan, in contrast to the penalties imposed for the single fraudulent act. See Annotator's Note, Montana Criminal Code 1973 Annot., (1980 rev. ed.). See also sections 45-6-316, 45-6-317 and 45-6-325, MCA."

In Adams, this Court reversed a common scheme theft conviction. We held, inter alia, that proof of "common scheme" required proof that the suspect series of acts constitute a common criminal scheme. These acts must be either individually incomplete such that they show that a single crime had been committed, or be acts which closely follow one another evidencing a continuing criminal design.

In this case, the facts and allegations included in the affidavits are not sufficient to support a charge of common scheme forgery. There is an insufficient connection indicated between the money orders/permits forgery activity and defendant's other activities described in the affidavits, to indicate common scheme forgery activity under the Adams analysis. Defendant's activities are not a continuation of one another, a continual design, showing that only one crime was probably committed by defendant.

We affirm the judgment of the District Court.

John C. Sheehy
Justice

-5-

We Concur:

_Frank I. Haswell_
Chief Justice

_John Conway Harrison_

_Gene B. Daly_

_Frank B. Morrison_
Justices