No. 84-57

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

DONALD CLAUDE DAVIS,

Defendant and Appellant.

APPEAL FROM: District Court of the Sixth Judicial District,
In and for the County of Park,
The Honorable Byron Robb, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Swandal & Douglas, Livingston, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Wm. Nels Swandal, County Attorney, Livingston, Montana

Submitted on Briefs: April 19, 1984

Decided: May 15, 1984

Filed: MAY 15 1984

*Ethel M. Harrison*

Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Defendant Donald Davis appeals from an order of the Sixth Judicial District Court, Park County, denying his motion to dismiss a criminal information charging felony common scheme forgery. We affirm.

In March, 1982, defendant was charged by information with having committed forgery as part of a common scheme. According to the affidavit filed in support of the information, defendant had cashed three checks belonging to one Jim Johnson, on January 17, 19 and 20, 1982. He attempted to cash a fourth check in a grocery store when the grocer requested identification. Defendant used his real name, but before the grocer could obtain confirmation from Johnson as to defendant's authority to negotiate the check, defendant left the store. He was subsequently apprehended by law enforcement authorities. Defendant implicated himself and a juvenile in cashing the checks. The three cashed checks totaled $47.50; and the last unnegotiated check was written for $30.00.

Later in March, during the hearing scheduled for arraignment, defendant appeared with counsel and entered a plea of guilty to the charge of felony forgery. Upon acceptance of the plea, the court made findings and conclusions and deferred imposition of sentence for a period of one year. Defendant violated the terms of his deferred sentence and the court revoked the deferred imposition and sentenced defendant on May 18, 1982, to two years. Defendant is now on parole.

In October, 1983, defendant moved to dismiss the information originally filed against him on grounds that the forgeries did not amount to a common scheme. Because the

forgeries would be misdemeanors in the absence of common scheme, and because justice courts and not district courts have jurisdiction over misdemeanors, defendant argued that the district court never had jurisdiction over him. The motion was denied by the district court.

The sole issue raised on appeal is whether the information and accompanying affidavit alleged sufficient facts to establish probable cause to believe that defendant had committed a felony common scheme over which the district court had jurisdiction.

This prosecution was commenced by filing of an information by leave of the district court pursuant to section 46-11-201, MCA. That statute provides that leave to file such an information may be granted only if the affidavit of application shows there is probable cause to believe that the described offense has been committed. State v. Renz (Mont. 1981), 628 P.2d 644, 645, 38 St.Rep. 720, 722. Therefore a showing of probable cause is a jurisdictional threshhold under this method of initiating a prosecution.

The issue of subject matter jurisdiction cannot be waived nor conferred by consent of a party, and may be raised at any stage of a judicial proceeding by a party or sua sponte by the court. State v. Akers (1937), 106 Mont. 43, 57, 74 P.2d 1138, 1145. However, here the question of jurisdiction turns upon a finding of probable cause. We hold that where a defendant has been found guilty of the offense charged and such judgment has not been appealed or has been affirmed on appeal, the issue of probable cause is res judicata and will not be heard as a challenge to the court's original jurisdiction. Such is the case here.

We affirm the order of the District Court denying defendant's motion to dismiss.

Justice

We concur:

Justices

4