No. 89-533

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

STATE OF MONTANA,

    Plaintiff & Appellant,

       v.

GERALD ROY THOMPSON,

    Defendant & Respondent.

APPEAL FROM: District Court of the Tenth Judicial District,
In and for the County of Judith Basin
The Hon. Peter J. Rapkoch, Judge presiding.


COUNSEL OF RECORD:

    For Appellant:

        Mark Murphy, Assistant Attorney General, Helena,
Montana
Patti Powell, Assistant Attorney General, Helena,
Montana
Sarah Arnott, Judith Basin County Attorney,
Stanford, Montana

    For Respondent:

        Torger Oaas, Attorney at Law, Lewistown, Montana


Submitted on briefs: February 22, 1990

Decided: May 24, 1990

Filed:

_____
Clerk

Justice John C. Sheehy delivered the Opinion of the Court.

On May 25, 1989, the defendant Gerald Roy Thompson was charged with two counts of sexual intercourse without consent and one count of sexual assault. Subsequently, Thompson moved to dismiss Counts I and II of the information, those counts charging defendant with sexual intercourse without consent. Thompson moved to dismiss Counts I and II of the information on the specific ground that the probable cause affidavit was insufficient. On September 1, 1989, the District Court, Tenth Judicial District, Judith Basin County, granted Thompson's motion and dismissed Counts I and II of the information for lack of probable cause in the supporting affidavit. The State now appeals the District Court. We affirm.

The State raised the following issue on appeal: **Did the District Court err when it granted defendant's motion to dismiss Counts I and II of the information charging defendant with sexual intercourse without consent for failure to state offenses?**

The defendant, Gerald Roy Thompson, the principal and boys basketball coach at Hobson High School, was accused of two counts of sexual intercourse without consent, and one count of sexual assault. This appeal only concerns the two counts of sexual intercourse without consent. The information, filed with the District Court, alleged the defendant committed the crime of sexual intercourse without consent, and stated the following:

Count I

2

On or between September, 1986 and January, 1987 in Judith Basin County, Montana the defendant knowingly had sexual intercourse without consent with a person of the opposite sex; namely Jane Doe, by threatening Jane Doe that she would not graduate from high school and forced Jane Doe to engage in an act of oral sexual intercourse.

## Count II

On or between February, 1987 and June, 1987 in Judith Basin County, Montana the defendant knowingly had sexual intercourse without consent with a person of the opposite sex; namely Jane Doe, by threatening Jane Doe that she would not graduate from high school and forced Jane Doe to engage in act of oral sexual intercourse.

The affidavits filed in support of this information contained facts and allegations supporting the two counts of sexual intercourse without consent. In essence, they alleged that the threats "caused Jane Doe great psychological pain and fear."

The State contended that fear of the power of Thompson and his authority to keep her from graduating forced Jane Doe into silence until after she graduated from high school in June of 1987. On November 25, 1988, Jane Doe filed a letter with the Hobson School Board describing the activities against her by Thompson. After investigations by both the school board and the Judith Basin County prosecutor's office, the prosecutor filed an information on May 25, 1989. The information charged Thompson with two counts of sexual intercourse without consent, both felonies in violation of § 45-5-503, MCA, and with one count of attempted sexual assault, a felony.

Defendant filed a number of motions, requesting, among other things, a motion to dismiss Counts I and II of the information for lack of probable cause in the supporting affidavit. The District

3

Court granted Thompson's motion, due to the fact the State failed to meet the element of "without consent" under § 45-5-501, MCA.

I

**Did the District Court err when it granted defendant's motion to dismiss Counts I and II of the information charging defendant with sexual intercourse without consent for failure to state offenses?**

We agree with the District Court that the facts in the information, in regards to Counts I and II, fail to state offenses. The code of criminal procedures requires that an affidavit be filed for application for leave to file an information. State v. Renz (Mont. 1981), 628 P.2d 644, 645. The affidavit must include sufficient facts to convince a judge that there is probable cause to believe the named defendant may have committed the crime described in the information. Section 46-11-201, MCA. If there is no probable cause, the District Court lacks jurisdiction to try the offense. State v. Davis (1984), 210 Mont. 28, 30, 681 P.2d 42, 43. This Court has held that a showing of mere probability that defendant committed the crime charged is sufficient for establishing probable cause to file a criminal charge. Judges, when receiving probable cause affidavits, should use their common sense in determining whether probable cause exists. Renz, 628 P.2d at 645; State v. Hamilton (1980), 185 Mont. 522, 532, 605 P.2d 1121, 1127, cert. denied 447 U.S. 924 (1980); State v. Miner (1976), 169 Mont. 260, 264, 546 P.2d 252, 255.

4

The allegations in the affidavit, however, do not indicate a probability that Thompson committed the crime of sexual intercourse without consent.

Thompson was charged with two counts of alleged sexual intercourse without consent under § 45-5-503, MCA. Section 45-5-503, MCA, states the following:

> A person who knowingly has sexual intercourse without consent with a person of the opposite sex commits the offense of sexual intercourse without consent . . .

The phrase "without consent"--the key element of the crime--has a very specific definition in Montana's criminal code. This phrase is defined in § 45-5-501, MCA, which states in pertinent part:

> As used in 45-5-503 and 45-5-505, the term "without consent" means:
>
> (i) the victim is compelled to submit by force or by threat of imminent death, bodily injury, or kidnapping to be inflicted on anyone; . . .

Section 45-5-501, MCA, makes it clear that the element of "without consent" is satisfied if submission of the victim is obtained either by force or by threat of imminent death, bodily injury, or kidnapping. No other circumstances relating to force or threat eliminate consent under the statute.

Thompson challenged the probable cause affidavit in the District Court, contending it failed to state any fact or circumstance showing that Jane Doe's submission to an alleged act of sexual intercourse was obtained by force or by any of the threats listed in § 45-5-501, MCA. In contrast, the State argues that Thompson's actions constitute sexual intercourse through force

5

or threats. The District Court, in its opinion and order, agreed with Thompson's contentions, and found that the facts in the affidavit supporting the information failed to show the element of "without consent." In reaching this conclusion, the District Court first considered whether or not there were facts or circumstances in the probable cause affidavit to indicate that submission to the alleged act of sexual intercourse without consent was obtained "by force." In order to determine whether Thompson forced Jane Doe to submit to the sexual act, the District Court had to define the phrase "by force" since there is no definition contained in the Montana Criminal Code. The District Court in its order defined force as follows:

> The word "force" is used in its ordinary and normal connotation: physical compulsion, the use or immediate threat of bodily harm, injury.

Next, the District Court examined the information and probable cause affidavit to determine if there were any facts or circumstances constituting force. The District Court found that "force was not alleged in the information nor in the affidavit in support of it."

In contrast, the State argues the District Court's definition of force is too limited. The State, relying on Raines v. State (Ga. 1989), 382 S.E.2d 738, 739, argues that intimidation and fear may constitute force. The State also contends that Thompson, in his position of authority as the principal, intimidated Jane Doe into the alleged acts. Furthermore, the State argues the fear and apprehension of Jane Doe show Thompson used force against her. We

agree with the State that Thompson intimidated Jane Doe; however, we cannot stretch the definition of force to include intimidation, fear, or apprehension. Rather, we adopt the District Court's definition of force.

Other jurisdictions, such as California, have expanded the definition of force, beyond its physical connotation. People v. Cicero (1984), 157 Cal.App.3d 465, 204 Cal.Rptr. 582. The California Supreme Court adopted the following reasoning to expand the word force:

> . . . the fundamental wrong at which the law of rape is aimed is not the application of physical force that causes physical harm. Rather, the law of rape primarily guards the integrity of a women's will and the privacy of her sexuality from an act of intercourse undertaken without her consent. Because the fundamental wrong is the violation of a woman's will and sexuality, the law of rape does not require that "force" cause physical harm. Rather, in this scenario, "force" plays merely a supporting evidentiary role, as necessary only to ensure an act of intercourse has been undertaken against a victim's will.

Cicero, 204 Cal.Rptr. at 590.

The California Supreme Court's definition of the word force is too broad under Montana's definition of the crime. Until the legislature adopts a definition for the word "force", we must adopt the ordinary and normal definition of the word "force" as set forth by the District Court.

The State in its information and accompanying affidavit complain that Thompson deprived Jane Doe of consent to the sexual act by threatening that he would prevent her from graduating from high school. The threat required in § 45-5-501, MCA, is "a threat of imminent death, bodily injury, or kidnapping to be inflicted on

7

anyone . . ." The District Court found that something more than a threat is necessary to satisfy the statutory requirement. A threat one will not graduate from high school is not one of the threats listed under § 45-5-501, MCA. The State argues that the definition "threat of bodily injury" includes psychological impairment. Unfortunately, the statute sets forth bodily injury, not psychological impairment. A threat that eventually leads to psychological impairment is not sufficient under the statute. The statute only addresses the results of three specific kinds of threats, and psychological impairment is not one of them.

The State urges this Court to adopt the definitions of threat set forth in § 45-2-101(68), MCA. Section 45-2-101(68), MCA, has no application in regard to the crime of sexual intercourse without consent. Section 45-5-501, MCA, plainly and succinctly lays out the types of threats necessary to make the victim act "without consent."

Under § 45-5-501, MCA, the threat also must be of "imminent death, bodily injury, or kidnapping." Thompson's threats cannot be considered imminent. The alleged sexual act and threat occurred in December of 1986. Jane Doe graduated from Hobson High School in June of 1987. Clearly, Thompson's alleged threats were not imminent.

Peppered throughout the State's brief is the contention that "under Montana law the issue of consent is a fact question, and therefore a question for the jury to decide." The State is correct, the jury is the proper trier of facts in regard to issues

8

such as consent.  However, in this case, the State's information and probable cause affidavit have failed to set forth any facts or circumstance to show that the alleged act of sexual intercourse were within the statute defining the elements of the crime.  So, the issue in this case is not whether the jury was denied its role as trier of the facts, but whether the State sufficiently set forth facts or circumstances to show the element of "without consent."  The court properly granted defendant's motion to dismiss for lack of probable cause.

This case is one of considerable difficulty for us, as indeed it must have been for the District Court judge.  The alleged facts, if true, show disgusting acts of taking advantage of a young person by an adult who occupied a position of authority over the young person.  If we could rewrite the statutes to define the alleged acts here as sexual intercourse without consent, we would willingly do so.  The business of courts, however, is to interpret statutes, not to rewrite them, nor to insert words not put there by the legislature.  With a good deal of reluctance, and with strong condemnation of the alleged acts, we affirm the District Court.

_John C. Sheehy_
Justice

9

We Concur:

_____
Chief Justice

_____

_____

_____
Justices