FILED

July 26 2011

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 10-0619

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 176

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

MICHAEL E. SPREADBURY,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC 09-154
Honorable Karen S. Townsend, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Joslyn Hunt, Chief Appellate Defender; Jennifer Ann Hurley,
Assistant Appellate Defender; Helena, Montana

      For Appellee:

            Steve Bullock, Montana Attorney General; Sheri K. Sprigg,
Assistant Attorney General; Helena, Montana

            William Fulbright, Ravalli County Attorney; Joel Thompson,
Special Deputy Ravalli County Attorney; Missoula, Montana

Submitted on Briefs:  June 22, 2011

Decided:   July 26, 2011

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1    Michael Spreadbury pled no contest to a charge of felony intimidation.    He appeals from the resulting judgment entered against him in the Twenty-First Judicial District Court, Ravalli County.  We affirm.

¶2    We restate the issue as whether Spreadbury waived the right to raise a probable cause challenge when he entered his no contest plea without reserving the issue for appeal.

### FACTUAL AND PROCEDURAL BACKGROUND

¶3    The State of Montana's affidavit in support of the motion for leave to file an information against Spreadbury alleged that, on November 4, 2009, Spreadbury approached and threatened Bitterroot Public Library employee Nansu Roddy.  Roddy had had previous contact with Spreadbury during her employment, and Spreadbury had been charged with criminal trespass on library property.  As Roddy was walking across a parking lot outside the library on November 4, Spreadbury pulled his truck into the parking lot, blocking her path of travel.  He opened his truck door and said, "You need to do something about what is happening to me" -- apparently referring to the then-unresolved criminal trespass case.  Roddy replied she could not do anything, and Spreadbury became more agitated.  Pumping his fist in the air, he said, "You need to go to [the prosecutor] and tell him to close this case."  Roddy ran to her car.  When Spreadbury then drove away, Roddy went to the police department and reported these events, which had frightened her.  Police also located a witness who observed Spreadbury

and Roddy in the parking lot from his nearby office. He described Spreadbury's behavior as agitated and confrontational.

¶4     Spreadbury initially pled not guilty and moved to dismiss the information for failure to establish probable cause to charge him with intimidation. The District Court denied that motion. Spreadbury later changed his plea to no contest, without reserving any issues for appeal. The District Court imposed a one-year deferred sentence, subject to conditions of probation. Spreadbury appeals.

## DISCUSSION

¶5     *Did Spreadbury waive the right to raise a probable cause challenge when he entered his no contest plea without reserving the issue for appeal?*

¶6     Spreadbury states the issue on appeal as whether the District Court had jurisdiction to try the case when there was no probable cause to believe he committed the offense of felony intimidation. He argues whether there was probable cause to believe he committed felony intimidation is a jurisdictional question that may be raised at any time. In making this argument, he relies on *State v. Davis*, 210 Mont. 28, 681 P.2d 42 (1984), and *State v. Thompson*, 243 Mont. 28, 792 P.2d 1103 (1990).

¶7     The State responds that Spreadbury's reliance on *Davis* and *Thompson* is misplaced. We agree. *Davis* did not include analysis on the issue; only a statement that "a showing of probable cause is a jurisdictional threshold." This Court then went on to hold, however, that the issue could not be raised in a post-judgment motion to dismiss because it had not been raised on appeal, and affirmed the district court order denying the motion to dismiss. *See Davis*, 210 Mont. at 30, 681 P.2d at 43. *Thompson*, the second

3

case upon which Spreadbury relies, quoted *Davis*, but only in dicta; there, we affirmed a district court's dismissal of a case for lack of probable cause. *See Thompson*, 243 Mont. at 30, 33, 792 P.2d at 1105, 1107.

¶8 Jurisdiction refers to a court's power -- as established by constitution or statute -- to adjudicate a case. *United States v. Cotton*, 535 U.S. 625, 630, 122 S. Ct. 1781, 1785 (2002); *BNSF Ry. Co. v. Cringle*, 2010 MT 290, ¶ 15, 359 Mont. 20, 247 P.3d 706 ("Subject matter jurisdiction involves the court's fundamental authority to hear and adjudicate cases or proceedings."). In *Cotton*, the Court rejected an argument that defects in a charging document may deprive a court of its power to adjudicate a case.

¶9 Several state courts have had occasion to rule on the issue clarified in *Cotton*. *See e.g. Ex parte Seymour*, 946 So. 2d 536, 538 (Ala. 2006) (collecting state cases); *Patton v. State*, 964 So. 2d 1247, 1250 (Ala. Crim. App. 2007) (holding that the defendant's challenge to the informations against him, "although couched in jurisdictional terms, is not truly jurisdictional"); *State v. Maldonado*, 223 P.3d 653, 655 (Ariz. 2010) (rejecting the suggestion that a defective information in itself deprives a court of subject matter jurisdiction); *State v. Morgan*, 910 N.E.2d 1075, 1083 (Ohio Ct. App. 2009) (holding that the defendant's guilty plea waived alleged defects in the indictment); *State v. Daniel*, 193 P.3d 1021, 1024-25 (Or. Ct. App. 2008) (overruling earlier cases and holding that a defect in an indictment is not a jurisdictional error).

¶10 Consistent with these authorities, we hold that whether the information included allegations establishing probable cause to support the charge against Spreadbury is not a jurisdictional issue. We hereby overrule the contrary statements made in *Davis* and

4

*Thompson* to the extent they conflict with *Cotton*. The issue in this case is "the *preclusive* effect to be given the plea agreement, not the *jurisdiction* of the court." *See United States v. Castillo*, 496 F.3d 947, 956 (9th Cir. 2007).

¶11 Because a guilty plea "represents a break in the chain of events" in the criminal process, a defendant who enters such a plea waives his right to raise independent claims relating to alleged constitutional violations that occurred prior to entry of the plea. *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S. Ct. 1602, 1608 (1973). Spreadbury argues his claim was somehow preserved by his entry of a no contest plea because he made no factual admissions of guilt. However, Montana law clearly provides that waiver of pre-plea claims applies nevertheless. Section 46-12-204(3), MCA, states: "With the approval of the court and the consent of the prosecutor, a defendant may enter a plea of guilty or nolo contendere, reserving the right, on appeal from the judgment, to review the adverse determination of any specified pretrial motion." It follows that the right to appeal from an adverse pre-plea ruling is waived unless it is specifically reserved. *See State v. Pavey*, 2010 MT 104, ¶ 12, 356 Mont. 248, 231 P.3d 1104.

¶12 That is as it should be. "Throughout its history . . . the plea of *nolo contendere* has been viewed not as an express admission of guilt but as a consent by the defendant that he may be punished as if he were guilty and a prayer for leniency." *North Carolina v. Alford*, 400 U.S. 25, 35-36 n. 8, 91 S. Ct. 160, 166-67 n. 8 (1970). Thus, the effect of a no contest plea is to preclude the conviction as evidence of guilt in subsequent proceedings. *United States v. Dalvan Nguyen*, 465 F.3d 1128, 1131 (9th Cir. 2006); Mont. R. Evid. 410. Permitting a party who does not contest the court's authority to

5

convict and punish him to bring a later proceeding in which he claims his conviction was improper would undermine the finality of plea agreements and "society's 'desire to encourage compromise resolution of criminal cases.' " *Dalvan Nguyen*, 465 F.3d at 1131 (quoting *Olsen v. Correiro*, 189 F.3d 52, 69 (1st Cir. 1999)).

¶13    In this case, before accepting Spreadbury's plea, the District Court discussed with him the fact that the only issue before the court was whether he was freely and voluntarily entering a change of plea and that he would need to "do it without reservation" despite his pending motions or the "many things" Spreadbury may believe the court should know about. Spreadbury acknowledged he wanted to move on with his life and a no contest plea was in his best interest, and agreed with the court that proceeding with the plea and sentencing would "draw [the] case to a close[.]" Having made that voluntary choice, Spreadbury cannot now come before the Court to complain about the adequacy of the charge.

¶14    We conclude that, by entering a no contest plea without reserving for appeal the question whether there was probable cause to support the information filed against him, Spreadbury waived the right to raise the issue on appeal from the final judgment entered. As a result, we affirm the judgment entered by the District Court.


                                        /S/ BETH BAKER

6

We concur:

/S/ MICHAEL E WHEAT
/S/ JIM RICE
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON