
DA 11-0687

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 239N

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

JAMES A. CARR,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause No. DC 10-89
Honorable James B. Wheelis, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

       Patrick F. Flaherty, Attorney at Law; Great Falls, Montana

       For Appellee:

       Steve Bullock, Montana Attorney General; Micheal S. Wellenstein,
Assistant Attorney General; Helena, Montana

       Bernard G. Cassidy, Lincoln County Attorney; Robert Slomski,
Deputy Lincoln County Attorney; Libby, Montana

       Submitted on Briefs:  August 29, 2012

       Decided:   October 24, 2012

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    James A. Carr appeals his conviction from the Nineteenth Judicial District Court, Lincoln County, for assault with a weapon.  Carr argues that the District Court's pretrial ruling excluding proffered evidence of his mental state deprived him of his right to a jury trial and that its imposition of a ten-year suspended sentence was excessive and arbitrary.  We affirm.

¶3    Carr, a sixty-eight-year-old Vietnam veteran, served as a custodian of Roosevelt Park in Troy, Montana.  While on duty, he accosted the engineer of a Burlington Northern Santa Fe (BNSF) train that was blocking an intersection for an extended period of time.  Carr allegedly threatened to shoot the engineer if he did not move the train.  Based on this incident, and an unrelated incident in which Carr brandished his gun toward another driver, the State charged Carr with two counts of felony assault with a weapon and one count of misdemeanor criminal trespass to property.

¶4     During a pre-trial conference, the District Court granted the State's motion to exclude expert testimony as to whether Carr had the requisite state of mind at the time of the offenses. The court also granted a motion to exclude evidence Carr sought to introduce, including evidence of his military service and associated medals. The court indicated that its pretrial evidentiary rulings could be "an appeal issue," but that the evidence was not relevant to the issues for trial. Carr thereafter entered a plea agreement in which he agreed to plead guilty to the train-related count of assault with a deadly weapon and the State agreed to dismiss the other charges and to recommend a ten-year suspended sentence. Carr did not reserve his right to appeal the District Court's pretrial ruling.

¶5     Following entry of Carr's guilty plea, the District Court released Carr on his own recognizance pending sentencing and ordered a presentence investigation. Carr drank alcohol in violation of release conditions and reportedly made an obscene gesture toward a BNSF train operated by the same BNSF engineer he had accosted. With this additional information, the probation and parole officer recommended that the court suspend only five years of the proposed ten-year sentence. The District Court considered the presentence investigation report, as well as Carr's lengthy sentencing brochure and the testimony of numerous witnesses called on his behalf at the sentencing hearing, and imposed the ten-year suspended sentence recommended by the State. The court also imposed standard release conditions, to which Carr did not object and which he declined to have read to him. Carr later filed a motion to modify his sentence, seeking to remove several conditions of probation. The court denied his motion.

¶6     Carr now argues that, by ruling to exclude evidence of his "diagnosis of untreated PTSD, the District Court foreclosed his defense to an essential element of the State's case." We agree with the State that Carr waived his right to appeal the evidentiary ruling because he failed to

3

specifically reserve that right prior to entering a guilty plea. *State v. Spreadbury*, 2011 MT 176, ¶ 11, 361 Mont. 253, 257 P.3d 392 (providing that "the right to appeal from an adverse pre-plea ruling is waived unless it is specifically reserved") (citing *State v. Pavey*, 2010 MT 104, ¶ 12, 356 Mont. 248, 231 P.3d 1104). A defendant reserves the right to appeal an adverse pre-plea ruling by attaining the prosecutor's consent and the court's approval. Section 46-12-204(3), MCA. Carr did neither. The trial court's indication that there could be "an appeal issue" does not demonstrate that it approved a right to appeal, particularly since that comment was made before Carr decided to change his plea.

¶7 Carr also contends that the ten-year suspended sentence is "excessive and arbitrary" and should be "reduced to a one to three-year deferred" sentence. When reviewing a sentence of less than one year of incarceration, which is ineligible for review by the Sentence Review Division, we review the sentence first for legality and then for an abuse of discretion. *See State v. Ashby*, 2008 MT 83, ¶ 8, 342 Mont. 187, 179 P.3d 1164 (discussing this "two-prong standard") (citing *State v. Herd*, 2004 MT 85, ¶¶ 18-23, 320 Mont. 490, 97 P.3d 1017). Here, the ten-year suspended sentence for assault with a weapon is legal because the applicable statute allows for a term of imprisonment of up to twenty years and a fine of up to $50,000, or both. Section 45-5-213(2)(a), MCA. The District Court supported its written judgment with the following reasons, based on the evidence: "[c]onsistent with the Plea Agreement of the parties"; "[c]onsistent with the recommendations in the Pre-sentence Investigation Report"; and "[d]efendant admitted to threatening the victim with a pistol-a violent crime." The court's oral imposition of sentence further elaborated that, although Carr had taken some positive directions in his life, he "still ha[s] some hair trigger responses," is "manipulative" and "prone to drink," which the court concluded

4

made him "unstable." We conclude that these reasons supported the District Court's decision and that it did not abuse its broad discretion in imposing sentence.

¶8      Carr attempts again to argue that the conditions imposed during sentencing were unreasonable. We may review the reasonableness of sentence conditions if they were objected to at or before sentencing. *See Ashby*, ¶ 22 ("[W]e remind defendants that they must object to an improper condition at or before sentencing, and that failure to do so may result in waiver."). Because Carr did not object to the conditions at or before his sentencing hearing, but only sought modification after already accepting the conditions, he waived his right to appeal the issue.

¶9      We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. Carr waived review of the District Court's evidentiary rulings and imposition of conditions of relief. We conclude that the District Court did not act unlawfully or abuse its considerable discretion in imposing a ten-year suspended sentence.

¶10     Affirmed.


                                                    /S/ BETH BAKER


We concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS
/S/ JIM RICE