No. 93-323

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

DONNA MARRY,

      Plaintiff and Appellant,

-vs-

MISSOULA COUNTY SHERIFF'S
DEPARTMENT AND COUNTY OF MISSOULA,

      Defendant and Respondent.

FILED

DEC 28 1993

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

      Robert K. Ogg; Grenfell & Ogg, Missoula, Montana

      For Respondent:

      Michael W. Sehestedt, Deputy Missoula County
Attorney, Missoula, Montana

Submitted on Briefs: September 30, 1993

Decided: December 28, 1993

Filed:

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Appellant Donna Marry (Marry) appeals the Fourth Judicial District Court, Missoula County, order which amended its original findings of fact and conclusions of law in response to Marry's motion for new trial and amendment of judgment. We reverse and remand.

The issue is whether the District Court abused its discretion by amending a finding of fact solely to support a conclusion of law, which barred Marry from recovering damages.

This case involved a motor vehicle accident between Marry and a Deputy Sheriff of the Missoula County Sheriff's Department. The parties disputed liability; each party contended that the other was negligent per se.

The District Court heard the case without a jury and entered its original findings of fact and conclusions of law on March 19, 1993. Finding of Fact No. 7 read:

> The collision was caused equally by [Marry's] failure to yield the right of way and by [the] Deputy . . . [who] exceed[ed] the speed limit.

Conclusion of Law No. 6 read:

> The negligence of [Marry] and the negligence of [the Deputy] . . . contributed equally to the accident barring recovery by either party. § 27-1-701 MCA [sic].

The court ordered that judgment be entered in favor of defendants with each party to pay their own costs.

On April 1, 1993, Marry moved the court to make additional findings of fact concerning her damages. She also moved the court

2

for a new trial or in the alternative to amend Conclusion of Law No. 6 to conform with § 27-1-702, MCA. Marry argued that Finding of Fact No. 7 established that the parties were equally negligent and, thus, the clear mandate of § 27-1-702, MCA, required the District Court to amend Conclusion of Law No. 6 to entitle Marry to recover fifty percent of the damages she sustained in the accident.

In response to Marry's motion for new trial and amendment of judgment, the District Court, on May 6, 1993, entered an opinion and order. In that opinion and order, the court admitted that, given the facts, Conclusion of Law No. 6 was not consistent with Montana law on contributory negligence. See § 27-1-702, MCA. The court stated:

> It was the intent of the [c]ourt that [Marry] take nothing in this action. The [c]ourt's finding of "equal" negligence allows for a recovery on the part of [Marry]. That was not the [c]ourt's intent.

The court then amended Finding of Fact No. 7:

> The collision was primarily caused by [Marry's] failure to yield the right of way, and secondarily by [the] Deputy . . . [who] exceed[ed] the speed limit.

Further, Conclusion of Law No. 6 was amended to read:

> The negligence of [Marry] being greater than the negligence of the Defendant, [Marry] is not entitled to recovery. § 27-1-701 MCA [sic].

The court also denied Marry's motion for a new trial. Marry appeals the court's decision to amend Finding of Fact No. 7.

Usually we will uphold a district court's findings of fact if substantial credible evidence supports those findings. Emcasco Ins. Co. v. Waymire (1990), 242 Mont. 131, 135, 788 P.2d 1357, 1360; Robinson v. Schrade (1985), 215 Mont. 326, 328, 697 P.2d 923,

3

925. However, when, as here, a district court amends a finding of fact to support a conclusion of law, we will review whether the district court abused its discretion. See Steer, Inc. v. Dep't of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603.

Marry maintains that the District Court abused its discretion by failing to follow the mandate of Rule 52(a) and (b), M.R.Civ.P., which require the court to find the facts first and then base its conclusions of law on those facts and to only amend its findings after reviewing the evidence in the record. Marry argues, and we agree, that the District Court amended Finding of Fact No. 7 solely to support Conclusion of Law No. 6 which prohibited her from recovering damages.

Rule 52(a), M.R.Civ.P., requires the district court to "find the facts specially and state separately its conclusions of law thereon . . . ." Rule 52(b), M.R.Civ.P., states that "the [district] court may amend its findings or make additional findings and may amend its judgment accordingly." The court must, however, review the evidence in the record before amending its findings. See Ring v. Hoselton (1982), 197 Mont. 414, 422, 643 P.2d 1165, 1170. Read in conjunction, Rule 52(a) and (b), M.R.Civ.P., compel the district court to find the facts first and review the record prior to amending its findings of fact. Rule 52(a), M.R.Civ.P., also requires the court to base its conclusions of law on the facts that it finds.

Initially, here, the District Court found that Marry and the Deputy were equally responsible for the collision. The court then

4

erroneously concluded that neither party could recover damages under § 27-1-702, MCA. Following Marry's motion for a new trial and amendment of judgment, the court admitted that Conclusion No. 6 was not consistent with Montana law and that Finding No. 7 did not support the result it desired to achieve. Thus, the court amended Finding No. 7 and Conclusion No. 6 in its opinion and order. The court clearly noted that its intent in amending Finding No. 7 was to prevent Marry from recovering damages.

The District Court did not, as required by Rule 52(b), M.R.Civ.P., review the evidence in the record when it amended Finding of Fact No. 7. In fact, the court, in its order, failed to state that it reviewed the evidence and determined that Finding of Fact No. 7 was incorrect. Instead, the District Court amended Finding No. 7 because it desired to preclude Marry from recovering damages.

Moreover, we note that both the original and amended Conclusion No. 6 dictated that Marry was barred from recovering damages. The District Court did not find the facts first, as required by Rule 52(a) M.R.Civ.P. Instead, the court fashioned a conclusion of law which barred Marry from recovering damages and then found facts to support that conclusion. We hold that the District Court abused its discretion when it arbitrarily, without reviewing the record, formed the facts to fit its already-fashioned conclusion of law.

We reverse and remand this case to the District Court with instructions to reinstate original Finding of Fact No. 7 and to

5

amend Conclusion of Law No. 6 so that it is consistent with Montana law. Further, the District Court is directed to make findings as to Marry's damages and enter judgment in favor of Marry to recover half of her damages.

Reversed and remanded with instructions.

_____
Justice

We concur:

_____

_____

_____

_____
Justices