No. 95-001

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

IN RE THE MARRIAGE OF

KIMMA FLAMMOND WHETHAM,

    Petitioner and Appellant,

and

JAMES LEROY WHETHAM,

    Respondent and Respondent.

**FILED**

MAY 25 1995

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Ninth Judicial District,
In and for the County of Pondera,
The Honorable John M. McCarvel, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Thane Johnson; Werner, Epstein & Johnson,
        Cut Bank, Montana

    For Respondent:

        Joan E. Cook, Attorney at Law, Great Falls,
        Montana

Submitted on Briefs:    April 27, 1995

Decided:    May 25, 1995

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

Kimma Flammond Whetham (Kimma) appeals from the findings of fact, conclusions of law and order of the Ninth Judicial District Court, Pondera County, which modified Kimma's prior child custody arrangement with her former husband James Leroy Whetham (James). We affirm.

Kimma presents three issues for review which we restate as follows:

1.   Did the District Court err in concluding that it had jurisdiction to determine the custody issue?

2.   Did the District Court err in concluding it had jurisdiction before entering findings of fact on the issue?

3.   Did the District Court err in modifying custody?

Background

One child, Jamie, was born to Kimma and James on August 3, 1986. On October 10, 1989, Kimma and James' common law marriage was dissolved.  The decree of dissolution provided for joint custody of Jamie with Kimma designated as the primary custodian. Prior to entry of the decree, Kimma moved to Oregon with Jamie.

In mid-January of 1994, Kimma left Jamie and Kimma's other daughter from a previous marriage with friends in Washington state because she was forced to leave her housing.  Kimma remained in Oregon.  Jamie lived with Kimma's friends in Washington state until June of 1994.  In June, Jamie went to Montana for her summer visitation with James.

On February 14, 1994, James petitioned the District Court to modify the custody arrangement. On August 24, 1994, the court held a hearing and on September 6, 1994, the court entered its findings of fact, conclusions of law and order. The court concluded that it had jurisdiction over the matter and ordered that the parties would have joint custody, but that James would be the primary custodian.

On September 28, 1994, Kimma filed a motion to alter or amend the judgment but the court took no action on the motion within 45 days, and it was deemed denied. Kimma appeals.

Issue 1

Did the District Court err in concluding that it had jurisdiction to determine the custody issue?

The District Court concluded that it had jurisdiction to modify custody based on § 40-4-211, MCA. We review conclusions of law, such as jurisdictional conclusions, to determine whether the court's interpretation of the law was correct. In re Marriage of Barnard (1994), 264 Mont. 103, 106, 870 P.2d 91, 93.

Section 40-4-211(1), MCA, lists the situations in which Montana courts may assume jurisdiction over child custody matters. There are four separate circumstances under which the court may assume jurisdiction, any one of which is sufficient. The District Court concluded, and we agree, that § 40-4-211(1)(b), MCA, was sufficient to confer jurisdiction in this case. That section states:

> (1) A court of this state competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

3

. . . .
(b) it is in the best interest of the child that a court of this state assume jurisdiction because:
(i) the child and his parents or the child and at least one contestant have a significant connection with this state; and
(ii) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships . . . .

Section 40-4-211(1)(b), MCA.

Here, there is no dispute that James has significant connection to this state. We hold that Jamie has a significant connection to Montana because she was born and lived in Montana for the first few years of her life, she has had summer visitation in Montana, and both of her parents have close relatives living in Montana. Additionally, Jamie's father or mother's relatives can provide substantial evidence regarding Jamie's care. There is also substantial evidence in Montana as to her protection, schooling and relationships with other family members.

Kimma argues that Oregon is Jamie's home state and that the District Court did not sufficiently consider that Oregon may have jurisdiction over this matter. Kimma contends that In re Marriage of Miller (1993), 259 Mont. 424, 856 P.2d 1378, demonstrates that a district court must first consider whether another state is the child's home state before determining jurisdiction. We disagree. In Marriage of Miller, this Court determined that Pennsylvania was the child's home state as a necessary step in determining whether the Montana court had jurisdiction pursuant to § 40-4-211(1)(d), MCA. Marriage of Miller, 856 P.2d at 1381. This analysis was necessary as we determined that none of the other subsections of §

4

40-4-211(1), MCA, conferred jurisdiction upon the district court. However in this case, the District Court had jurisdiction pursuant to § 40-4-211(1)(b), MCA, thus a home state analysis was unnecessary.

Finally, once jurisdiction is established under § 40-4-211, MCA, the court may still decline jurisdiction if it finds that it is an inconvenient forum. Section 40-7-108(1), MCA. Here, given the parties' significant connections to Montana, it cannot be said that the District Court erred in failing to find that Montana was an inconvenient forum. We hold that the District Court did not err in concluding that it had jurisdiction to modify custody.

Issue 2

Did the District Court err in concluding it had jurisdiction before entering findings of fact on the issue?

After the court questioned both parties, and before the attorneys questioned the parties, Kimma's counsel requested a ruling on jurisdiction. In response, Judge McCarvel stated that the court had jurisdiction. Several days after the hearing, the District Court entered its written findings of fact and conclusions of law. Kimma contends that the judge's oral statement before issuing findings of fact is contrary to the commands of Rule 52(a), M.R.Civ.P., and this Court's ruling in Marry v. Missoula County Sheriff's Dept. (1993), 263 Mont. 152, 866 P.2d 1129.

Rule 52(a), M.R.Civ.P., requires the court to specially find the facts and separately state its conclusions based on the findings. In Marry, the plaintiff brought a personal injury action

5

following an auto accident. The trial court initially found that the parties were equally at fault and made a conclusion that because the parties were equally at fault, the plaintiff could not recover. The plaintiff moved the court to amend its findings and conclusions on the basis that, under Montana law, if the parties were equally at fault, she could recover 50% of her damages. The court amended its findings, but stated it was the court's intention to deny the plaintiff any recovery. Thus the court amended its findings to read that the plaintiff was more at fault than the other driver. Marry, 866 P.2d at 1130-31. This Court reversed stating that it was apparent that the court did not review the record before amending its findings in violation of Rule 52(b), M.R.Civ.P., and that the trial court effectively made its legal conclusion before making supporting findings in violation of Rule 52(a), M.R.Civ.P. Marry, 866 P.2d at 1131.

The present case is distinguishable. The District Court questioned the parties before counsel requested a ruling on jurisdiction. In response to the request, the judge made an oral ruling. The court also made written findings before making written conclusions which were supported by the findings. There is no indication, as there was in Marry, that the court skewed its findings to arrive at a desired conclusion. We hold that the District Court did not err in making its findings of fact and conclusions of law.

Issue 3

Did the District Court err in modifying custody?

6

We have stated that we will overturn a court's custody decision only when the court's findings and conclusions clearly demonstrate an abuse of discretion. In re Marriage of Hunt (1994), 264 Mont. 159, 164, 870 P.2d 720, 723. We hold that the court did not abuse its discretion.

Section 40-4-219(1), MCA, provides in relevant part:

> The court may in its discretion modify a prior custody decree if it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of entry of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interest of the child and if it further finds that:
>
> . . .
> (c) the child's present environment endangers seriously his physical, mental, moral, or emotional health and the harm likely to be caused by a change of environment is outweighed by its advantages to him . . . .

Here, the District Court concluded that § 40-4-219(1)(c), MCA, permitted the modification of custody in this case. We agree.

Kimma left Jamie in the care of friends in the state of Washington for approximately five months. Kimma testified that she did so because she did not have adequate housing for Jamie. Jamie testified that her mother did not visit her very often during this time period. Jamie was removed from her school in Oregon and registered in a Washington school. When James picked up Jamie for summer visitation, he discovered that Jamie was suffering from head lice. Jamie testified that she wanted to live with her father and that she had met friends in Montana.

The record supports the District Court's conclusion that the modification in custody was in Jamie's best interests and that the

7

requisites of § 40-4-219(1)(c), MCA, were met in the present case. We hold that the District Court did not err in modifying the prior custody arrangement.

Affirmed.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

8