No. 82-379

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

---

MILLERS MUTUAL INSURANCE COMPANY,

            Plaintiff and Respondent,

    vs.

ANTHONY STRAINER,

            Defendant and Appellant.

---

Appeal from:   District Court of the First Judicial District,
               In and for the County of Lewis and Clark
               Honorable Gordon R. Bennett, Judge presiding.

Counsel of Recodrd:

    For Appellant:

        Jacques, Gallagher & Murphy, Helena, Montana
        Leo J. Gallagher argued, Helena, Montana

    For Respondent:

        Keller, Reynolds, Drake, Sternhagen & Johnson, Helena,
         Montana
        P. Keith Keller argued, Helena, Montana

    For Amicus Curiae:

        Utick, Grosfield & Uda, Helena, Montana

---

                    Submitted:  March 8, 1983

                      Decided:  May 19, 1983

Filed:  MAY 19 1983

                    _____
                              Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

This is an appeal from a declaratory judgment entered by the District Court of the First Judicial District, State of Montana, determining that Millers Mutual Insurance Company (Respondent) had no liability for coverage or defense to Anthony Strainer (Appellant). We vacate the judgment of the District Court.

On December 16, 1981, respondent brought a declaratory judgment action against appellant to determine the parties' rights, liabilities and duties under a homeowner's policy issued by respondent to appellant. Previously appellant had been named as a co-defendant with ASARCO, Inc., in a personal injury action brought by one Alfred Elwell. Respondent sought a declaration that it was not required to provide coverage or afford defense of the action because the allegations underlying the third party action were outside the scope of coverage of the issued policy.

On October 18, 1979, in the ASARCO plant in East Helena, Alfred Elwell was allegedly injured when he was the object of a practical joke played by Strainer, a co-employee. Workers at the ASARCO plant are required to wear respirators in a portion of the plant. Due to complaints by the workers that the respirators were leaking, the respirators were being checked by means of a test which pumped air through a glass tube filled with a solid chemical. The forced air produced smoke which was then directed into the faces of the workers wearing respirators. After the tests were completed and without knowledge on the part of Elwell, the appellant removed a filter tube in Elwell's respirator and, according to the agreed facts, Strainer then:

> ". . . squirted a puff of the smoke into the respirator's air chamber. Mr. Strainer knew the

dust caused people to cough, but did not know the chemical contents of the glass tube, stanic oxychoride, was [sic] dangerous and did not know the smoke would cause any injury other than momentary discomfort as a result of coughing and inserted the smoke solely as a practical joke."

Elwell inhaled the smoke and allegedly was seriously injured. On October 15, 1981, Elwell filed suit against ASARCO and appellant, claiming they were liable to him for his injuries. ASARCO subsequently moved for and was granted a summary judgment based upon the exclusive remedy afforded by workers' compensation. However, the action against appellant was premised upon an intentional act and therefore fell outside the exclusive remedy provisions of workers' compensation.

The issue presented here is whether an intentional act sufficient to remove a case from the exclusive remedy provisions of the Worker's Compensation Act is the kind of intentional act which denies coverage in a third party action based upon the "intentional act" exclusions of an insurance policy. If the intentional act contemplated by workers' compensation law is the same type of intentional act contemplated by the insurance policy exclusion, then the appellant must fail.

Respondent presents a second but related issue. Respondent contends that Elwell's complaint, in Paragraph VI, alleges that the appellant Strainer intended Elwell's injuries and that irrespective of what the stipulated facts show, there can be no coverage where the complaint invokes the policy exclusion.

Paragraph V of Elwell's complaint alleged, in pertinent part, that the appellant Strainer "maliciously, wilfully, and intentionally . . . squirted hydrogen chloride gas, or other comparble acid and abrasive gases, into [Elwell's] respirator

3

hoses, causing [Elwell] to go into convulsions and to be permanently and seriously injured."

Paragraph VI of the complaint alleged:

"That [Elwell's] serious and totally and permanently disabling injuries were the proximate result of [Strainer's] malicious, wilfull, and intentional acts; that [Strainer] is, despite his position as safety officer at ASARCO Inc.'s East Helena Smelter, known on the job as a 'clown' and 'practical joker', which was known to Defendant ASARCO, Inc. both before and after the incident herein complained of, and ASARCO, Inc. failed both before and after this incident to take any measures to prevent [Strainer], its employee and agent, from causing injury to others; that since the incident complained of, ASARCO, Inc. has further ratified and approved the conduct of [Strainer] complained of herein in wilfully, maliciously and intentionally injuring [Elwell], by promoting [Strainer]." (Emphasis supplied)

It was upon Paragraph VI, and specifically the emphasized language, that the trial court based its conclusion that the policy involved excluded coverage for damages or for defense of the third party action. The insurance policy provided for coverage for all damages appellant became legally obligated to pay "because of bodily injury or property damage . . . caused by an occurrence," but specifically excluded coverage for "bodily injury or property damage which is either expected or intended from the standpoint of the insured."

For Elwell to bring a third party action, and not be barred by the exclusive remedy of workers' compensation, he must fall within the provisions of section 39-71-413, MCA, which provides as follows:

"Liability of fellow employee for intentional and malicious acts or omissions--additional cause of action. If an employee receives an injury while performing the duties of his employment and the injury or injuries so received by the employee are caused by the intentional and malicious act or omission of a servant or employee of his employer, then the employee . . . shall, in addition to the right to receive compensation under the Workers' Compensation Act, have a right to prosecute any cause of action he may have for damages against the

4

servants or employees of his employer causing the injury." (Emphasis added)

The underlined language must be compared to the language of exclusion in the insurance policy. As previously noted the policy excluded coverage for "bodily injury or property damage which is either expected or intended from the standpoint of the insured." The language of section 39-71-413, MCA, refers to an intentional act without regard to intending the results of the act. The exclusion in the insurance policy does not exclude intentional acts but only excludes bodily injury which is intended.

Respondent relies upon Enberg v. Anaconda Company (1971), 158 Mont. 135, 489 P.2d 1036 and Great Western Sugar Co. v. District Court (1980), ____ Mont. ____, 610 P.2d 717, 37 St.Rep. 874, for the proposition that section 39-71-413, MCA, requires intentional injury before a third party action may be brought. However, these two cases did not turn on the distinction between intentional act and intentional injury. Rather this Court determined that the conduct in question fell short of the type of intentional conduct necessary to create the third party action. In Great Western Sugar this Court concluded:

> " . . . the 'intentional harm' which removes an employer from the protection of the exclusivity of the Workers' Compensation Act is such harm as is maliciously and specifically directed at an employee, or class of employees, out of which such specific intentional harm the employee receives injuries as a proximate result. Any incident involving a lesser degree of intent or general degree of negligence not pointed specifically and directly at the injured employee is barred by the exclusivity clause as a basis for recovery against the employer outside the Workers' Compensation Act." Great Western Sugar, supra, 610 P.2d at 720, 37 St.Rep. at 877.

The above quoted language is more supportive of appellant's position than it is of respondent's. However, we find the case of Northwestern National Casualty vs. Phalen

5

(1979), 182 Mont. 448, 597 P.2d 720, to be more nearly on point. In the Phalen case the plaintiff alleged in Count I, that the insured and one Harry Johnson wilfully, maliciously and wrongfully assaulted him, and in Count II, alleged that the insured "negligently, carelessly, and wrongfully assault[ed] [him], and . . . negligently and carelessly cause[d] [him] personal injuries." The court interpreted the provision which excluded from coverage bodily injury which "is either expected or intended from the standpoint of the insured." The court held that where the results of the insured's intentional acts are unexpected or unintended, the policy would provide coverage.

Phalen clearly established that intentional acts are not excluded under an insurance policy unless the intentional act results in injuries which would be expected or intended. A person may act intentionally without intending or expecting the consequences of that act.

Respondent argues that for one to act malicously one must necessarily intend the consequences of the act. Respondent relies upon Boyer v. Kloepfer (1976), 170 Mont. 472, 554 P.2d 1116, wherein this Court equated malice with an intent to injure. However, the general definition of malice is more expansive. In Cashin v. Northern Pac. R. Co., (1934), 96 Mont. 92, 28 P.2d 862, this Court defined malice as "a wish to vex, annoy or injure another person, or an intent to do a wrongful act." (Emphasis supplied) The Montana Supreme Court has also implied malice where the intentional acts of a defendant were committed without justifiable excuse, privilege or defense. Poeppel v. Fisher (1977), 175 Mont. 136, 572 P.2d 912. We hold that malice can be found where acts are intentional though the consequences are not.

6

Respondent contends that Elwell's complaint pleads intentional injury and such an allegation is dispositive of this appeal. We do not agree.

The language of the complaint is ambiguous. Paragraph V pleads that Strainer acted maliciously. Paragraph VI of the complaint, hereinbefore quoted, contains language which can be interpreted to mean that Strainer intended Elwell's injuries. However, the language found in Paragraph VI is belied by the stipulated facts. In the declaratory judgment action which forms the basis of this appeal the agreed facts show that the appellant Strainer intended only that Elwell would experience some coughing and discomfort and knew nothing of the dire consequences which allegedly followed. Under these circumstances facts admitted by the respondent insurance company foreclose application of the policy exclusion which only excludes expected or intended bodily injury.

In summary, we hold that section 39-71-413, of the Workers' Compensation Act, permits the filing of a third party action where acts of an employee are intentional irrespective of whether the results of that act were intended. The agreed facts here stated form the basis for such a third party action. These same facts are not excluded by insurance policy language referring to "bodily injury or property damage which is either expected or intended."

We remand to the District Court with directions to enter declaratory judgment in favor of appellant affording both coverage and a defense to appellant under the terms of the subject policy.

Justice

7

We concur:

_Daniel J Shea_

_[signature]_

_John G Sheehy_

_[signature]_
Justices