No. 86-595

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

MICHAEL J. O'DONNELL,

       Claimant and Appellant,

  -vs-

RYANS, INC.,  Employer,

    and

STATE COMPENSATION INSURANCE FUND,

       Defendant and Respondent.

---

APPEAL FROM:  The Workers' Compensation Court, The Honorable
Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Overfelt Law Firm; Gary Overfelt, Billings, Montana

    For Respondent:

        Crowley Law Firm; Terry G. Spear, Billings, Montana

---

Submitted on Briefs: March 12, 1987

Decided:  May 13, 1987

Filed:  MAY 13 1987

_Ethel M. Harrison_
        Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Claimant, Michael J. O'Donnell appeals the order of a hearings examiner for the Workers' Compensation Court denying claimant's motion for a penalty on the medical expenses paid in behalf of claimant. We remand this cause to the Workers' Compensation Court for determination by the Workers' Compensation judge.

The only issue this Court will now decide is whether we have jurisdiction to consider an appeal of an order issued by a hearings examiner for the Workers' Compensation Court. Since we hold that we do not, we are barred from considering the issues raised by the parties.

While employed at a warehouse in January 1980, claimant slipped and fell 12 - 15 feet to a concrete floor, resulting in serious injury to his shoulder. The injury developed into thoracic outlet syndrome. The extended treatment of claimant since the accident date has involved approximately 20 doctors and has included more than a dozen surgeries. A number of surgeries were performed to alleviate pain generated by prior surgeries. The State Compensation Insurance Fund (State Fund), with varying degrees of willingness, paid for these procedures.

Thereafter, in the summer of 1986, the State Fund denied claimant's request that it fund treatment at a specialized pain clinic. Review of that decision was expedited pursuant to agreement of the parties. A hearing was held before a hearings officer on September 11, 1986, on the issues of whether the pain treatment should be allowed and whether a penalty should be assessed against defendant. The hearings officer issued an order September 26, 1986, requiring the State Fund to pay for the requested treatment. Then, on December 8, 1986, the hearings officer issued an order

denying claimant's motion for penalty. It is from this order that appeal lies.

The question whether the State Fund's refusal to pay warranted imposition of a penalty was never presented to the Workers' Compensation judge, as required by § 39-71-2907, MCA. Rather, claimant appealed directly to this Court. The State Fund does not object to claimant's procedure. However, we will consider the jurisdiction issue <u>sua</u> <u>sponte</u>.

> The issue of subject matter jurisdiction cannot be waived nor conferred by consent of a party, and may be raised at any stage of a judicial proceeding by a party or sua sponte by the court.

State v. Davis (Mont. 1984), 681 P.2d 42, 43, 41 St.Rep. 898, 899.

Section 39-71-2904, MCA, provides that "an appeal from a final decision of the workers' compensation <u>judge</u> shall be filed directly with the supreme court of Montana . . ." (Emphasis supplied.) As mentioned earlier, § 39-71-2907, MCA, requires that the question of unreasonable delay or refusal be determined by the Workers' Compensation judge.

> Section 39-71-2907. Increase in award for unreasonable delay or refusal to pay. When payment of compensation has been unreasonably delayed or refused by an insurer, . . . the full amount of the compensation benefits due a claimant, between the time compensation benefits were delayed or refused and the date of the order granting a claimant compensation benefits, may be increased by the workers' compensation <u>judge</u> by 20%. <u>The question of unreasonable delay or refusal shall be determined by the workers' compensation judge</u> . . . (Emphasis supplied.)

From these statutes, it is unequivocally clear that we only have juridiction to consider an appeal from an order of the Workers' Compensation judge. We can not and will not entertain an appeal from an order of a Workers' Compensation Court hearings examiner.

3

This cause is remanded to the Workers' Compensation Court for determination and entry of an appropriate order by the Workers' Compensation judge.  In the event of another appeal to this Court, we will consider a request by either party to determine the issues from the briefs presently before us.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

4