No. 92-397

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

IN RE THE MARRIAGE OF

KENNETH J. ALPERT,

     Petitioner and Appellant,

  and

TERRI A. ALPERT, n/k/a
TERRI A. HAMELINE,

     Respondent and Respondent.

FILED

MAY 18 1993

Ed S.

CLERK OF S...      ...URT
STATE OF M...

APPEAL FROM:   District Court of the Fourth Judicial District,
                In and for the County of Ravalli,
                The Honorable Jack L. Green, Judge presiding.


COUNSEL OF RECORD:

       For Appellant:

          Judith A. Loring, Attorney at Law,
          Stevensville, Montana

       For Respondent:

          Lori Ballinger, Attorney at Law,
          Missoula, Montana


                Submitted on Briefs:  December 3, 1992

                             Decided:  May 18, 1993

Filed:

                            Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Appellant Kenneth J. Alpert appeals from an order of the Fourth Judicial District Court, Ravalli County, entered on July 24, 1992, which modified the parties' original divorce decree in regard to visitation rights and denied an award of attorney fees. We reverse.

The dispositive issue on appeal is whether the District Court had jurisdiction under the Uniform Child Custody Jurisdiction Act to hear and determine respondent Terri Hameline's motion for visitation rights.

Kenneth and Terri's ten-year marriage was dissolved by order of the Fourth Judicial District Court on January 17, 1990. At the time of the dissolution, the parties lived in Ravalli County and had two minor children--Seth, who was nine years old, and Hannah, who was seven years old. The divorce decree incorporated a separation agreement which gave sole custody of the children to Kenneth and reasonable visitation rights to Terri. In lieu of defining actual times and periods of visitation in the agreement, the parties agreed to mutually resolve these details.

In December 1990, Kenneth and the children moved from Montana to the state of Texas. Although Kenneth did not file a written notice with the court of his intent to leave Montana, he gave Terri more than 30 days oral notice prior to moving. The adequacy of that notice is not an issue on appeal. Since that time, the children have had no significant contacts with Montana. They have

2

attended school in Texas, have seen medical and day care providers in that state, and all significant information concerning the children's care, well-being, and personal relationships is found in Texas.

Terri filed a motion with the District Court on May 26, 1992, in which she requested the court to specify her summer visitation rights because she alleged that Kenneth was unreasonably restricting her opportunities to visit the children. Kenneth objected on the grounds that the Montana court lacked jurisdiction and that the visitation which was requested by Terri was not in the children's best interests. He also requested an award of attorney fees.

The court issued its Findings, Conclusions, and Order on July 24, 1992. Since the children were no longer residents of Montana and had no significant contacts here since moving to Texas, the court determined that it should not accept further or continuing jurisdiction over any issues concerning the children with the exception of visitation rights. In regard to the visitation issue, the court concluded that it would be in the best interests of the children to specifically define Terri's visitation rights. Consequently, Terri was awarded visitation for a period of 28 days during the summer of 1992 and 45 days each summer thereafter. Terri was ordered to pay all costs incurred in bringing the children to Montana, and Kenneth was ordered to cover the costs of returning the children to Texas. Neither party was

3

awarded attorney fees. On appeal, Kenneth contends that the court was without jurisdiction to render this order and that he was entitled to an award of attorney fees under the terms of the couple's separation agreement.

Kenneth's jurisdictional challenge is based on Montana's version of the Uniform Child Custody Jurisdiction Act (UCCJA), found at §§ 40-7-101 through -125, MCA. The stated purpose of the UCCJA is to avoid the jurisdictional conflicts that arise in the enforcement and modification of custody decrees, and to assure that any litigation involving minor children occurs in the state where the child has the closest connection and where significant evidence concerning the child's care, protection, training, and personal relationships is most readily available. Section 40-7-102, MCA. Under § 40-7-103(2), MCA, visitation rights are specifically included in the definition of matters encompassed by a custody proceeding.

Kenneth contends that under the UCCJA the District Court was required to decline jurisdiction in favor of a Texas forum because the court's visitation order amounted to a modification of the original custody decree, and therefore, was a custody proceeding. Terri, however, counters that the court merely clarified her visitation rights and this was not a modification of the original decree. Therefore, Terri claims that the provisions of the UCCJA did not bar the court from ruling on her motion.

4

We disagree with the position set forth by Terri and hold that, under the UCCJA, the court did not have subject matter jurisdiction to enter its visitation order.

The District Court correctly concluded that "it should not accept further or continuing jurisdiction over any issues concerning the children." The relevant statute which dictates this conclusion is § 40-7-104, MCA, which sets forth the UCCJA's jurisdictional requirements by incorporating the provisions of § 40-4-211, MCA. Before assuming jurisdiction in a custody proceeding which, by statute, includes matters dealing with visitation rights, a district court must first determine that one of the four disjunctive requirements of § 40-4-211(1), MCA, is satisfied. *In re Marriage of Lance* (1984), 213 Mont. 182, 690 P.2d 979. In this instance, none of these jurisdictional requirements are met.

In *In re Marriage of Harper* (1988), 235 Mont. 41, 46, 764 P.2d 1283, 1286, we held that "the distinction between modification and enforcement of custody" for purposes of applying the UCCJA is "superficial" and that "[p]reserving such a distinction would defeat the purposes set out in § 40-7-102, MCA." We conclude that to distinguish between a "modification" and "clarification" under the facts in this case would be equally superficial. In this case, the court's order altered the rights of the parties beyond that originally contemplated when the visitation provisions were left unspecified, and thus, modified those rights.

5

We are not holding that Terri's visitation rights should be left unspecified or that her allegations of interference by Kenneth should not be addressed. It is not uncommon in situations like this, when one or both parties relocate, that custody or visitation provisions need to be clearly defined or modified. *See, e.g., In re Marriage of Bolton* (1984), 212 Mont. 212, 690 P.2d 401; *In re Marriage of Sanderson* (1981), 191 Mont. 316, 623 P.2d 1388. But it must be a court of competent jurisdiction to enter a judgment which alters the rights of the parties or imposes specific duties and obligations. In this instance, that court is not in Montana.

Kenneth also contends that, in accordance with the parties' 1990 separation agreement, he is entitled to an award of attorney fees and costs if the court's order is vacated. The pertinent provision of the agreement, which was approved by the court, provides as follows:

> Should any action be commenced to enforce, modify, or interpret any provisions contained herein, the Court, as a cost of suit, shall award a reasonable attorney's fee to the successful party.

Although we have determined that there was no subject matter jurisdiction to hear Terri's motion for visitation, we note that the court does have personal jurisdiction over the parties by virtue of their appearances in this proceeding. Therefore, in light of our holding, we remand this case for a determination by the District Court of whether the above-mentioned provision of the

6

separation agreement contemplated an award of attorney fees in the situation presented here.

The order of the District Court is vacated and this case remanded for a determination on the issue of attorney fees.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

7