No.  96-311

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

LaSCHELL K. DAY,

Plaintiff and Respondent,

v.

ROBERT R. PAYNE,

Defendant and Appellant.

APPEAL FROM:  District Court of the Nineteenth Judicial District,
In and for the County of Lincoln,
The Honorable Michael C. Prezeau, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

William A. Douglas, Douglas Law Firm,
Libby, Montana

Tom K. Hopgood; Luxan & Murfitt;
Helena, Montana

For Respondent:

Mark L. Stermitz and Heidi Fanslow;
Warden, Christiansen, Johnson & Berg;
Kalispell, Montana

FILED

JAN 17 1998

Filed:

Ed Smith
CLERK OF SUPREME COURT,
STATE OF MONTANA

Submitted on Briefs:  October 31, 1996

Decided:  December 17, 1996

_____
Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

On May 20, 1994, LaSchell Day filed a complaint in the District Court for the Nineteenth Judicial District in Lincoln County against her adoptive father, Robert R. Payne, in which she alleged that she had been sexually abused by Payne and in which she sought special, general, and punitive damages from Payne for that abuse. Following a four-day jury trial in January 1996, the jury returned a verdict in favor of Day and awarded her $80,000 in compensatory damages. The jury further indicated by special verdict that Day was entitled to an award of punitive damages, and following a separate proceeding pursuant to § 27-1-221(7)(a), MCA, the jury returned an award of punitive damages against Payne in the amount of $100,000. On March 7, 1996, the District Court entered its findings of fact, conclusions of law, and order in which it found and concluded that the jury's award of punitive damages was reasonable and appropriate, pursuant to § 27-1-221(7)(c), MCA. Payne appeals the jury's verdict which awarded punitive damages, and the District Court's order which approved them. We affirm the jury's verdict and the order of the District Court.

On appeal, Payne alleges that the recovery of punitive damages in a legislatively-revived action violates the *ex post facto* and Due Process Clauses of the United States and Montana Constitutions.

FACTUAL BACKGROUND

On May 20, 1994, LaSchell Day filed a complaint in the Nineteenth Judicial District Court against her adoptive father,

Robert Payne. In her complaint, Day alleged that Payne had sexually abused her from 1969 to 1976, when Day was between the ages of nine and sixteen.

At the time the sexual abuse occurred, and until 1989, the applicable statute of limitations for a childhood sexual abuse claim was three years, pursuant to § 27-2-204(1), MCA. Because Day was a minor when the abuse occurred, however, the statute of limitations was tolled until she reached the age of majority. *See* § 27-2-401(1), MCA. Day reached the age of majority on April 23, 1978; the period of limitation expired on April 23, 1981.

In 1989, the Montana Legislature enacted § 27-2-216, MCA, which creates a specific period of limitation for the recovery of "damages for injury suffered as a result of childhood sexual abuse." Subsection (1)(b) of that statute provides that an action for the recovery of damages for childhood sexual abuse must be commenced not later than "3 years after the plaintiff discovers or reasonably should have discovered that the injury was caused by the act of childhood sexual abuse." Section 27-2-216, MCA, was expressly made retroactive and applicable to "all causes of action commenced on or after October 1, 1989, regardless of when the cause of action arose." Mont. Sess. Laws, Ch. 158, § 5 (1989).

Day commenced her action in the District Court on May 20, 1994. On January 22, 1996, the jury returned a verdict in which it concluded that Day was sexually abused by Payne; that Day suffered injuries as a result of the abuse; and that, prior to May 20, 1991,

3

Day did not discover, nor should she reasonably have discovered, that her injuries were caused by acts of childhood sexual abuse.

## DISCUSSION

On appeal, Payne contends that the recovery of punitive damages in a legislatively-revived action violates the *ex post facto* and Due Process Clauses of the United States and Montana Constitutions. Payne admits that he did not raise this constitutional issue at the district court level, but maintains that his failure to raise the objection does not preclude consideration of the issue by this Court.

Payne first maintains that he attempted to raise the issue at the district court level, but was denied the opportunity when the court disallowed his post-trial motions. A review of the District Court record reveals, however, that Payne failed to file those motions within "10 days after the service of the notice of the entry of the judgment," as required by Rules 59(b) and 59(g); M.R.Civ.P. Furthermore, the record reveals that Payne not only failed to object to the propriety of punitive damages in a timely post-trial motion, but he failed to raise the issue in an appropriate pre-trial motion, in a motion or objection during trial, or in an objection to Day's four proposed--and given--jury instructions which related to the issue of punitive damages.

Nevertheless, Payne maintains that this Court may consider the constitutional issue because it relates to the District Court's subject matter jurisdiction, and may therefore be raised at any

4

time. *See, e.g., In re Marriage of Miller* (1993), 259 Mont. 424, 426, 856 P.2d 1378, 1380; *O'Donnell v. Ryans, Inc.* (1987), 227 Mont. 48, 49, 736 P.2d 965, 966. Specifically, Payne asserts that in this case the District Court did not have authority to entertain a claim for punitive damages, and therefore did not have jurisdiction to consider the issue. In support of his contention that a court's ability to grant relief of a particular type or amount is jurisdictional, Payne notes that justice courts in Montana are limited in their jurisdiction to claims that do not exceed $5,000 and that federal courts are limited in their diversity jurisdiction to a specified amount in controversy. Such limits are, however, statutory. Indeed, it is well established that "[t]he jurisdiction of courts . . . can be limited by constitutional or statutory provisions on the basis of the amount in controversy, or the amount in dispute, between parties." 20 Am. Jur. 2d *Courts* § 116, p. 415 (1995). District courts in Montana are not constrained by such limits. *See* Mont. Const. art. VII, § 4; § 3-5-302, MCA. Therefore, the amount and type of a damage claim in a district court may not be raised to challenge a district court's subject matter jurisdiction. In this case, then, the availability of punitive damages does not relate to a district court's subject matter jurisdiction. Therefore, Payne may not now claim that the District Court did not have subject matter jurisdiction to award punitive damages.

As a final matter, Payne maintains that this Court may consider the constitutionality of punitive damages because this Court has the authority to review constitutional issues raised for the first time on appeal. In particular, Payne notes that this Court has reserved to itself the power to examine constitutional issues not raised at the district court level when the issue "affects the substantial right of a litigant." *Eastman v. Atlantic Richfield Co.* (1989), 237 Mont. 332, 337, 777 P.2d 862, 865. In this case, Payne maintains that his substantial rights were "affected by the retroactive punishment inflicted as the result of the punitive damage award."

In Montana, the general rule is that "[a]n issue which is presented for the first time to the Supreme Court is untimely and cannot be considered on appeal." *Akhtar v. Van de Wetering* (1982), 197 Mont. 205, 209, 642 P.2d 149, 152. The rule

> applies to both substantive and procedural matters, as well as to a change in a party's theory of the case. It is based on the principle that it is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider. Furthermore, it is unfair to allow a party to choose to remain silent in the trial court in the face of error, taking a chance on a favorable outcome, and subsequently assert error on appeal if the outcome in the trial court is unfavorable.

5 Am. Jur. 2d *Appellate Review* § 690, pp. 360-61 (1995). This Court has recognized an exception to the general rule where "an alleged . . . error affects the substantial rights of a litigant." *In re N.B.* (1980), 190 Mont. 319, 323, 620 P.2d 1228, 1231. In those cases,

however, the Court's decision to review the alleged error is discretionary and "[the] Court is not sympathetic to a broad definition of 'substantial rights.'" *Reno v. Erickstein* (1984), 209 Mont. 36, 42, 679 P.2d 1204, 1207.

In this case, we have carefully reviewed the record and decline to extend the "substantial rights" exception to the facts before us. We therefore decline to review the issue raised on appeal, and affirm the judgment of the District Court.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

7

December 17, 1996

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

William A. Douglas
Douglas Law Firm
417 Mineral Ave., P.O. Box 795
Libby, MT 59923

Tom K. Hopgood, Esq.
Luxan & Murfitt
P.O. Box 1144
Helena, MT 59624

Mark L. Stermitz and Heidi Fanslow
Warden, Christiansen, Johnson & Berg
P.O. Box 3038
Kalispell, MT 59903-3038

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy