JUSTICE GRAY,
dissenting.
¶55 I respectfully dissent from the Court’s opinion, which adopts entirely new standards for determining whether the exception to the exclusive remedy provision contained in § 39-71-413, MCA, applies and also adopts the § 27-1-221, MCA, definition of malice. Based on the procedural posture in which this case presents itself, I would do neither and would affirm the District Court.
¶56 Our general rule is that we will not address either an issue raised for the first time on appeal or a party’s change in legal theory. See Day v. Payne (1996), 280 Mont. 273, 276, 929 P.2d 864, 866 (citations omitted). The rationale underlying this rule of judicial restraint is that “it is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider.” See Day, 280 Mont. at 277, 929 P.2d at 866 (citation omitted). I would apply these long-standing rules in the present case and conclude that Sherner waived the right to argue both the “plain meaning” of § 39-71-413, MCA, and adoption of the § 27-1-221, MCA, definition of malice — the very matters on which the Court decides this case — by failing to do so in the District Court.
¶57 Conoco moved for summary judgment in the District Court pursuant to this Court’s cases interpreting § 39-71-413, MCA, and applying the § 1-1-204(3), MCA, definition of malice. The portion of Sherner’s brief in opposition to Conoco’s motion which set forth the “substantive law pertaining to actions against employers” was brief — only two pages — and to the point.
¶58 With regard to the exception contained in § 39-71-413, MCA, Sherner’s brief first quoted the statute and then observed that we have interpreted that statute to allow an injured employee to bring an action against the employer as well as against a co-employee. The remainder of his argument under § 39-71-413, MCA, only one para *418 graph long, cited to cases interpreting that statute, including Calcaterra, Schmidt, Lockwood and Great Western Sugar. No argument was made, even implicitly, that those cases were wrongly decided under § 39-71-413, MCA, or that a “plain meaning” standard should apply.
¶59 The portion of Sherner’s brief regarding the substantive law applicable to “malice” also was short. It stated, in its entirety:
The malice requirement is shown employing § 1-1-204(3), MCA [sic] which defines malice as “a wish to vex, annoy, or injure another person or an intent to do a wrongful act...” Blythe v. Radiometer America, 262 Mont. 464, 866 P.2d 218 (1993). Malice is implied where intentional acts are committed without justifiable excuse, privilege or defense. Poeppel v. Fisher, 175 Mont. 136, 572 P.2d 912 (1977). Malice can be found where the acts are intentional even though the consequences are not. Millers Mut. Ins. Co. v. Strainer, 204 Mont. 162, 167, 663 P.2d 338, 341 (1983).
Clearly, Sherner was relying on the definition of malice contained in § 1-1-204(3), MCA, and our cases interpreting that statutory definition. He did not reference, much less urge adoption of, the definition of malice contained in § 27-1-221, MCA, for which he contends on appeal.
¶60 I cannot join the Court in allowing Sherner to totally repackage his case on appeal by changing his legal theory and raising new legal arguments and then resolving the case on thebasis ofthose new arguments. This approach undermines the proper role of the district courts and this Court, and permits this Court to reverse trial courts on issues never presented to them for initial decision making. I dissent.