DA 06-0491

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 48

INDIAN HEALTH BOARD OF BILLINGS, INC.,

        Petitioner and Appellee,

  v.

MONTANA DEPARTMENT OF LABOR AND
INDUSTRY, MONTANA HUMAN RIGHTS
COMMISSION, and LITA PEPION,

        Respondents and Appellants.

APPEAL FROM:    District Court of the First Judicial District,
                    In and for the County of Lewis and Clark, Cause No. ADV-2005-838
                    Honorable Dorothy McCarter, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

        Marieke Beck, Special Assistant Attorney General, Helena, Montana

        For Appellee:

        Thomas M. Malee, Attorney at Law, Billings, Montana

Submitted on Briefs:  May 9, 2007

Decided:  February 12, 2008

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1      Lita Pepion filed a complaint with the Department of Labor and Industry's (DOLI or the Department) Human Rights Bureau challenging her termination from employment with the Indian Health Board of Billings, Inc. (IHBB). Twelve months after Pepion's complaint had been filed, IHBB sought dismissal of the complaint and a "Right to Sue" letter on the ground that DOLI had failed to hold a timely contested case hearing. The Bureau's hearing examiner denied IHBB's request. The IHBB filed a Petition for Judicial Review of Agency Order with the First Judicial District Court, Lewis and Clark County, naming both DOLI and Pepion as Respondents. The District Court reversed and remanded the administrative order with instructions to dismiss the complaint and issue a "Right to Sue" letter. Pepion appeals. We affirm the District Court's Decision and Order.

## ISSUE

¶2      A restatement of the issue presented on appeal is:

¶3      Did the District Court err in reversing DOLI's Hearings Bureau's decision denying IHBB's request to dismiss Pepion's complaint?

## FACTUAL AND PROCEDURAL BACKGROUND

¶4      Lita Pepion (Pepion) worked for IHBB from November 2003 to September 2004. In June 2004 IHBB terminated her employment. She appealed her termination and was reinstated. In September 2004 IHBB terminated her again asserting an absence of funding for her position. Upon notice of her second termination, Pepion made a formal allegation of sexual harassment with DOLI.

2

¶5     The facts of the underlying case are not in dispute; therefore, Pepion's administrative case raised a purely legal question—did the Department lose jurisdiction of Pepion's human rights complaint when a contested case hearing on her complaint was not held within twelve months?  The following administrative procedural history establishes the background for our analysis.

¶6     On November 1, 2004, Pepion filed a complaint for harassment and retaliatory discharge with DOLI's Human Rights Bureau (the Bureau).  The Bureau investigated the complaint and on May 3, 2005, issued its report finding that the preponderance of the evidence did not indicate that the alleged discrimination occurred.  The Bureau thereafter dismissed Pepion's complaint and issued a "Right to Sue" letter allowing Pepion to take her claim before the appropriate district court, if desired.  Pepion chose instead to continue pursuing the available administrative remedy and filed an objection to the Bureau's decision with DOLI's Human Rights Commission (the Commission).  The Commission held a hearing on July 19, 2005, to consider the adequacy of the investigator's report.  On July 26, 2005, the Commission determined that Pepion could continue pursuing her administrative remedy and remanded the complaint back to the Bureau for the scheduling of a contested case hearing.

¶7     Upon receipt of the complaint and the Commission's order of remand, the Bureau's hearing examiner issued a "Notice of Hearing" on August 15, 2005 (Notice).  The record indicates that acknowledgment of service of the Notice had been signed by all parties by August 23, 2005.  This Notice notified all parties that the claim had been transferred to the Hearings Bureau for a contested case hearing.  It also indicated that the

3

hearing examiner would set the case for hearing within 90 days of the date of service of the last party served. On August 31, 2005, in accordance with the Notice, the hearing examiner issued an "Order Setting Contested Case Hearing Date and Prehearing Schedule." The Order scheduled a contested case hearing for November 17, 2005.

¶8 On October 3, 2005, counsel for Pepion made a special appearance before the hearing examiner and requested a continuance of scheduled depositions and a rescheduling of the contested case hearing. The record before us does not reveal the grounds for this request, but upon "good cause shown" the hearing examiner granted Pepion's request. As a result, on October 4, 2005, the hearing examiner issued an "Order Continuing 10/4 Depositions and Resetting Contested Case Hearing Date and Prehearing Schedule." In this Order, the contested case hearing was reset for January 5, 2006. The following day the hearing examiner vacated this Order, apparently on the ground that the January 5 hearing date was not within 90 days of the October 4 Order—it was 93 days. On October 11, 2005, the hearing examiner reissued its Order, once again setting the contested case hearing for January 5, 2006.

¶9 As of November 1, 2005, Pepion's complaint had been before DOLI for one year; therefore, relying on § 49-2-509, MCA (2005), IHBB requested that the complaint be dismissed for failure of the Department to hold a contested case hearing within twelve months of the complaint's filing. On November 4, 2005, the hearing examiner denied IHBB's request based upon his interpretation that the statutory provisions mandating dismissal after 12 months were not applicable to the case before him. On December 5, 2005, IHBB filed a Petition for Judicial Review of Agency Decision with the First

4

Judicial District Court. On May 11, 2006, the District Court agreed with IHBB and reversed and remanded the case to the Hearing examiner with instructions to dismiss Pepion's complaint and issue a "Right to Sue" letter, thus concluding administrative proceedings.

¶10 Pepion filed a timely appeal.

## STANDARD OF REVIEW

¶11 An agency's conclusions of law are reviewed to determine if they are correct. This same standard of review is applicable to both the district court's review of the administrative decision and our subsequent review of the district court's decision. *Hofer v. Montana DPHHS (In re Hofer)*, 2005 MT 302, ¶ 14, 329 Mont. 368, ¶ 14, 124 P.3d 1098, ¶ 14 (citations omitted).

## DISCUSSION

¶12 *Did the District Court err in reversing DOLI's Hearings Bureau's decision denying IHBB's request to dismiss Pepion's complaint?*

¶13 We begin our analysis with the observation that the statutes at issue here are both complex and poorly written, an unfortunate combination of factors that has contributed to the situation facing the parties, the hearing examiner, the District Court, and this Court. Moreover, the 2007 legislature amended the subject statutes in some detail, and in fact repealed § 49-2-509, MCA, upon which much of our analysis here is predicated. (After revising the language, much of the content of § 49-2-509, MCA (2005), has been codified in § 49-2-513, MCA (2007).) Because this case arose in 2005, we will analyze it pursuant to the statutes in effect in 2005.

¶14 Title 49, Chapter 2 of the Montana Code Annotated governs various illegal discrimination claims including the type of employment discrimination claim in the case before us. Part 5 of Title 49, Chapter 2, establishes the enforcement procedures for such discrimination claims. Sections 49-2-505 and -509, MCA (2005), are critical to our analysis and are set forth in relevant part below.

¶15 Section 49-2-505, Contested case hearing, provides in pertinent part:

(1) If the informal efforts to eliminate the alleged discrimination are unsuccessful, the department shall hold a hearing on the complaint. The department shall serve notice of the hearing and a copy of the complaint on the parties.
(2) (a) If the parties mutually agree to permit the department to retain jurisdiction of the case under this chapter for a period of time that exceeds 12 months after the complaint was filed, then the parties shall stipulate to a schedule for proceedings to be established by the department.
(b) The department shall, not later than 395 days after the complaint was filed, set a date for an administrative hearing in the case.
(c) The case must be heard no later than 90 days after the date is set by the department. The department may, in its sole discretion, issue a continuance of the hearing date only upon a showing of good cause.
. . .

¶16 Section 49-2-509, MCA, Conclusion of complaint—filing in district court, provides:

(1) Except as provided in subsection (2), the department shall, at the request of either party, conclude the administrative proceedings if:
(a) the department has completed its investigation of a complaint filed pursuant to 49-2-305; or
(b) 12 months have elapsed since the complaint was filed.
(2) The department may not refuse to conclude the administrative proceedings unless:
(a) the party requesting the conclusion of the administrative proceedings has waived the right to request filing in the district court;
(b) more than 30 days have elapsed since service of notice of hearing under 49-2-505, unless the department fails to schedule a hearing to be held within 90 days of service of notice of hearing; or

6

(c) the party requesting conclusion of the administrative proceedings has unsuccessfully attempted through court litigation to prevent the department from investigating the complaint.

(3) The department shall dismiss a complaint filed under this chapter and the complainant may file a discrimination action in district court if:

(a) the commission or the department lacks jurisdiction over the complaint;

(b) the complainant fails to cooperate in the investigation of the complaint or fails to keep the department advised of changes of address;

(c) the department determines that the allegations of the complaint are not supported by a preponderance of the evidence; or

(d) the department determines that the commission or the department will not or cannot hold a hearing within 12 months after the filing of the complaint.

(4) A decision of the department to dismiss a complaint brought under this chapter or to refuse to permit removal to the district court is final unless a party seeks review by filing objections within 14 days after the decision is served on the party. The commission shall review the decision in informal proceedings under 2-4-604. A party may ask the district court to review a decision of the commission made under this section. The review must be de novo.

. . .

¶17    The parties offer various interpretations of the Notice provisions of the statutes and also present opposing arguments on the question of whether the "hearing" referenced in § 49-2-509(3)(d), MCA, is intended to encompass only the contested case hearing. We decline to address these arguments in any detail, as we conclude that the dispositive question—i.e., did the Department lose jurisdiction of Pepion's complaint when a contested case hearing was not held within twelve months—can in any event be answered by reference to the statutes as written.

¶18    In the hearing examiner's November 4 Order denying IHBB's request for dismissal, the examiner first analyzed whether either condition in § 49-2-509(1), MCA, was met. He concluded that while § 49-2-509(1)(a), MCA, was inapplicable to the employment discrimination claim at bar, § 49-2-509(1)(b), MCA, was met—i.e., 12

7

months had elapsed since the complaint was filed. Therefore, in accordance with the introductory caveat, he turned his attention to § 49-2-509(2), MCA, and attempted to unravel the baffling multiple negatives found in § 49-2-509(2)(b), MCA[1]—"The department may not refuse to conclude the administrative proceedings unless: more than 30 days have elapsed since service of notice of hearing under 49-2-505, unless the department fails to schedule a hearing to be held within 90 days of service of notice of hearing."[2] The hearing examiner concluded that because he had issued the Notice on August 15, service was acknowledged on August 23, and the contested case hearing was scheduled for November 17 (within 90 days of service acknowledgment), he had the discretion to refuse to conclude the administrative proceedings under § 49-2-509(2)(b), MCA. (The hearing examiner did not expressly acknowledge that IHBB's request for dismissal was filed more than 30 days after the August 23 service acknowledgment date.)

¶19 Lastly, the hearing examiner concluded that the language and purpose of § 49-2-509(4), MCA, supported his decision to refuse to terminate the administrative proceedings. He explained that Pepion had a right under § 49-2-509(4), MCA, to challenge the Bureau's initial dismissal of her claim but that this challenge process consumed much of the 12-month period following the filing of her complaint; in fact, by

---

[1] It is undisputed that §§ 49-2-509(2)(a) and (c), MCA, are inapplicable to this case.

[2] The regulatory version of this statute, Admin. R. M. 24.9.262A(1)(c), is more clearly written and provides: (1) At the request of any party to a case before the commission . . . the department shall issue a right to sue letter if the commission has not yet held a contested case hearing and 12 months have elapsed since the complaint was filed, unless: (c) the party requesting the issuance of the right to sue letter has filed the request more than 30 days after service of the notice of certification for hearing on that party, and the commission or its hearing examiner has scheduled a hearing to be held within 90 days of the date of service of the notice of certification for hearing on the requesting party . . . .

the time the complaint was returned to the Bureau, the Notice was issued, service was acknowledged, and the contested case hearing scheduling order was issued, the parties had a mere 62 days remaining in the 12 months. Concluding dismissal was not warranted, the examiner scheduled the hearing for November 17, 16 days beyond the 12-month time period.

¶20 As noted above, the District Court reversed the hearing examiner. The court determined that under § 49-2-505(2)(a), MCA, the Department lost jurisdiction of the case after 12 months unless the parties stipulated otherwise—which they did not. (It is necessary at this point in our analysis to once again reiterate that parties cannot, by stipulation, confer jurisdiction if jurisdiction does not exist. Jurisdiction involves the fundamental power and authority of a court to determine and hear an issue. *Thompson v. State*, 2007 MT 185, ¶ 28, 338 Mont. 511, ¶ 28, 167 P.3d 867, ¶ 28 (citing *Stanley v. Lemire*, 2006 MT 304, ¶ 30, 334 Mont. 489, ¶ 30, 148 P.3d 643, ¶ 30). Accordingly, subject-matter jurisdiction can never be forfeited or waived. *Thompson*, ¶ 28 (citing *Stanley*, ¶ 32). Additionally, subject-matter jurisdiction cannot be conferred by the consent of a party. *Thompson*, ¶ 28 (citing *In re Marriage of Miller*, 259 Mont. 424, 427, 856 P.2d 1378, 1380 (1993).) In this regard, we observe that the 2007 Legislature revised the statute to exclude any reference to "retained jurisdiction." The new statute now reads, in relevant part:

> If the parties mutually agree to extend the time for hearing beyond 12 months after the complaint is filed, then the parties shall stipulate to a schedule for proceedings to be established by the department.

Section 49-2-505(2), MCA (2007).

9

¶21 On appeal, DOLI[3] maintains that the District Court incorrectly interpreted and applied the relevant statutes and that Pepion should be allowed to exhaust her administrative remedies by pursuing her claim through the contested case hearing. The Department asserts that § 49-2-509, MCA, *not* § 49-2-505, MCA, is the controlling statute to be applied when a party seeks to conclude the administrative process and file in district court.

¶22 The IHBB urges the Court to hold that the applicable statutes mandate a contested case hearing within 12 months of the filing of the complaint and that failure to hold such a hearing results in the Department's loss of jurisdiction and requires dismissal of the complaint unless the parties stipulate to extend the proceedings.

¶23 We agree with the hearing examiner's determination that § 49-2-509(1)(a), MCA, is inapplicable and that (1)(b) was met. We also agree that the Department scheduled a hearing to be held within 90 days of the service of notice. As noted in ¶ 7, the "Notice of Hearing" was issued on August 15, 2005, and the hearing was scheduled to occur on November 17, within 90 days. However, the problem presented at this point is two-fold: first, the November 17 hearing date is more than 12 months beyond November 1, 2004, the date Pepion's complaint was filed; and second, at Pepion's request, the hearing was rescheduled to January 5, 2006, well beyond the 12-month deadline imposed under §§ 49-2-505 and -509, MCA. This being so, the provisions of § 49-2-505(2)(a), MCA, requiring the consent of both parties to extend the time for hearing, had to come into play.

---

[3] Pepion did not personally file a brief on appeal; rather, DOLI filed the appellants' opening and reply briefs on behalf of both DOLI and Pepion.

¶24 The Department strongly argues that the terms of § 49-2-505, MCA, are inapplicable here and that § 49-2-509, MCA, is the only statute to be applied to the dismissal request in this case. We disagree. Section 49-2-505(2)(a), MCA, specifically states that if the parties mutually agree to permit the Department to "retain jurisdiction" of the case *under this chapter* for a period of time that exceeds 12 months after the complaint was filed, then the parties must stipulate to such. (Emphasis added.) This statute cannot be ignored.

¶25 We conclude that while the language of the various statutes before us regarding notice and continuances is confusing and in some respects inherently contradictory, what is clear is that the proceedings must be concluded within 12 months of the filing of the complaint unless the parties mutually agree to extend the time for hearing beyond that deadline, which did not occur here. Sections 49-2-505(2)(a), 49-2-509(1)(b), and 49-2-509(3)(d), MCA, when read both individually and together, simply permit no other conclusion. Therefore, while we do not agree with all aspects of the District Court's analysis, we conclude the District Court reached the right result when it determined that Pepion's complaint must be dismissed. Therefore, we affirm.

## CONCLUSION

¶26 For the foregoing reasons we affirm the Decision and Order of the District Court.


/S/ PATRICIA COTTER


11

We Concur:

/S/ KARLA M. GRAY
/S/ BRIAN MORRIS
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE