FILED

April 12 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0450

DA 15-0450

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2016 MT 88N

ROBERTO R. ALVAREZ and JANE D. ALVAREZ,
Individually and as Co-Trustees of The
Alvarez Family Trust,

        Plaintiffs and Appellees,

    v.

SYLVIA D. GESHELL,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DV 14-151
Honorable James A. Haynes, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Reid J. Perkins, Worden Thane P.C., Missoula, Montana

        For Appellee:

            Robert T. Bell, Reep, Bell, Laird, Simpson & Jasper, P.C., Missoula,
Montana

Submitted on Briefs:  March 2, 2016

Decided:  April 12, 2016

Filed:

                                          Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Sylvia Geshell appeals three orders of the Twenty-First Judicial District Court, Ravalli County. The orders were issued on December 10, 2014; March 5, 2015; and June 25, 2015. In its December 10, 2014 order, the District Court granted partial summary judgment to Roberto and Jane Alvarez. The District Court concluded that the Alvarezes have an easement in a ditch system comprising of two laterals—the Orchard Ditch and the Horse Pasture Ditch—that convey water across Geshell's land. In its March 5, 2015 order, the District Court denied Geshell's motion to alter or amend its December 10, 2014 order and granted the Alvarezes' motion for attorney fees. On June 25, 2015, the District Court issued a final judgment, reiterating its grant of summary judgment and attorney fees, and awarding the Alvarezes $25,173.21 in fees and costs.

¶3 We address whether the District Court erred in granting summary judgment in favor of the Alvarezes and awarding the Alvarezes attorney fees. We affirm.

¶4 We review summary judgment orders de novo. *Bailey v. State Farm Mut. Auto. Ins. Co.*, 2013 MT 119, ¶ 18, 370 Mont. 73, 300 P.3d 1149. Summary judgment is appropriate when the moving party demonstrates an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. M. R. Civ. P. 56(c)(3). A

2

district court's determination whether legal authority exists for an award of attorney fees is a conclusion of law, which we review for correctness. *Nat'l Cas. Co. v. Am. Bankers Ins. Co.*, 2001 MT 28, ¶ 27, 304 Mont. 163, 19 P.3d 223.

¶5     On August 18, 2014, the Alvarezes filed their motion for summary judgment. Geshell timely filed a response to the motion on August 25, 2014.  However, Geshell's appeal heavily relies on an affidavit that she filed on March 20, 2015, after the District Court issued its summary judgment order and its order denying Geshell's motion to amend.  Geshell's affidavit was therefore untimely.  *See* M. R. Civ. P. 56(c)(1)(B) (providing that a party opposing a motion for summary judgment "must file a response, and any opposing affidavits, within 21 days after the motion is served or a responsive pleading is due.").

¶6     As a general rule, "an issue which is presented for the first time to the Supreme Court is untimely and cannot be considered on appeal." *Day v. Payne*, 280 Mont. 273, 276, 929 P.2d 864, 866 (1996) (quoting *Akhtar v. Van de Wetering*, 197 Mont. 205, 209, 642 P.2d 149, 152 (1982)).  This rule "applies to both substantive and procedural matters . . . .  It is based on the principle that it is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider." *Day*, 280 Mont. at 276-77, 929 P.2d at 866 (citation omitted).  The District Court never had the opportunity to review the facts contained in Geshell's March 20, 2015 affidavit before granting the Alvarezes' motion for summary judgment, denying Geshell's motion to alter or amend that ruling, and granting the Alvarezes' motion for attorney fees.  We will not

fault the District Court for Geshell's failure to make a record before summary judgment was granted.

¶7     In her reply brief on appeal, Geshell contends that summary judgment was improper because she raised issues of material fact regarding abandonment of the Orchard Ditch before the District Court made any of its rulings.  Geshell contends that her testimony and that of her expert demonstrate that the ditch had not been used for at least ten years, triggering a statutory presumption of abandonment.  Geshell raised this statutory abandonment argument for the first time in her objection to the Alvarezes' motion for attorney fees.  Therefore, the District Court did not have the opportunity to review it before granting summary judgment.  Accordingly, as with Geshell's untimely affidavit, we will not fault the District Court for not considering Geshell's ten-year abandonment argument.

¶8     Geshell also contends that the Alvarezes' use of the word "ditch" rather than "ditches" in their amended complaint renders the District Court's summary judgment order invalid because Geshell was not given notice that the easement at issue encompassed both the Orchard Ditch and the Horse Pasture Ditch.  In Montana, "a complaint must put a defendant on notice of the facts the plaintiff intends to prove." *Kunst v. Pass*, 1998 MT 71, ¶ 35, 288 Mont. 264, 957 P.2d 1 (citing M. R. Civ. P. 8(a)).  However, "[t]his Court liberally construes pleadings," *Kunst*, ¶ 36, to ensure they comply with the substance and purpose of the Montana Rules of Civil Procedure: to "further the resolution of controversies on their merits," *Yarborough v. Glacier Cnty.*, 285 Mont. 494, 497, 948 P.2d 1181, 1183 (1997).  The record shows that both laterals were in dispute

4

throughout the proceedings. For example, the Alvarezes' brief in support of their motion for summary judgment states: "The Alvarezes brought this case because Ms. Geshell has disputed their right to use *ditches* crossing her property to convey irrigation water to the Alvarez Property." (Emphasis added). The Alvarezes point out that Geshell never complained below that both laterals were under discussion, a contention which Geshell does not rebut. Geshell was on notice that the Alvarezes were claiming an easement right to both the Orchard Ditch and the Horse Pasture Ditch. The District Court did not err in resolving the dispute as to both laterals.

¶9 Finally, Geshell contends that we should reverse the District Court's decision to award attorney fees. Pursuant to §§ 70-17-112(2) and (5), MCA: "A person may not encroach upon or otherwise impair any easement for a canal or ditch . . . . If a legal action is brought to enforce the provisions of this section, the prevailing party is entitled to costs and reasonable attorney fees." The Alvarezes brought a legal action to enforce their ditch easement right. Under the plain language of the statute, they are entitled to attorney fees. The District Court correctly concluded that legal authority existed to award attorney fees. *See Nat'l Cas. Co.*, ¶ 27.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's interpretation and application of the law were correct, and its findings of fact are not clearly erroneous. We affirm.

5

/S/ JAMES JEREMIAH SHEA


We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ JIM RICE